■ PATRICK KEHOE et al., Respondents, v CITY OF NEW YORK et al., Defendants, and KA SHUEN YUEN, Appellant. [902 NYS2d 177]—

In an action to recover damages for personal injuries, etc., the defendant Ka Shuen Yuen appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated July 14, 2009, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, and the appellant's motion for summary judgment dismissing the complaint insofar as asserted against her is granted.

The infant plaintiff allegedly was injured when she fell out of a window on the second floor of a house which the appellant leased to the infant plaintiff's mother. The subject window was equipped with a chain lock, located near the top of the window, which, when latched, prevented the window from opening. The infant plaintiff was unable to reach the lock without first climbing onto some object.

In support of her motion for summary judgment dismissing the complaint insofar as asserted against her, the appellant made a prima facie showing of her entitlement to judgment as a matter of law by demonstrating that she did not breach any duty imposed upon her by statute, regulation, or contract (see Rivera v Nelson Realty, LLC, 7 NY3d 530, 534 [2006]; Molina v Sercia, 290 AD2d 425 [2002]). In response to the motion, the plaintiffs conceded that the building in question was not a multiple dwelling and, thus, the provision of the New York City Health Code requiring window guards (see New York City Health Code [24 RCNY] § 131.15) was not applicable in this case. Nonetheless, the plaintiffs argued that, having voluntarily undertaken to install the chain lock, the appellant did so in a negligent manner (see Moch Co. v Rensselaer Water Co., 247 NY 160, 167-168 [1928]). The record demonstrates, however, that

the lock was in good working order, and was installed in a manner that allowed it to function properly, and the plaintiffs failed to raise a triable issue of fact in that regard. Thus, the appellant's actions did not render the existing conditions more hazardous, and therefore did not subject her to liability (*see Cruz v County of Nassau*, 56 AD3d 513, 514 [2008]; *Booth v City of New York*, 272 AD2d 357 [2000]).

Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint insofar as asserted against her. Prudenti, P.J., Angiolillo, Balkin and Chambers, JJ., concur.